UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN L. REABE, ) <br>               Plaintiff, ) <br> vs. ) <br> NAPHCARE INC., *et al.*, ) <br>               Defendants. ) | Case No. 2:14-cv-01389-APG-CWH <br><br> **ORDER** |

This matter is before the Court on Plaintiff Susan L. Reabe's ("plaintiff") Motion to Enlarge Time for Service (doc. # 25) and Motion to Serve by Publication (doc. # 24), filed October 20, 2014.

## BACKGROUND

The complaint in this matter was filed on August 27, 2014. See Doc. # 1. By way of the motions currently before the Court, plaintiff seeks: (1) a sixty (60) day extension to complete service under Fed. R. Civ. P. 4(m); and (2) an order permitting service by publication under Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1)(I). Attached to plaintiff's motion to serve by publication are affidavits from plaintiff's process server detailing the many attempts to serve Defendants Tracy Agbor, Maureen McGinty, and James Zinser ("defendants"). See Doc. # 24-2 at 1 to Doc. # 24-4 at 2; Doc. # 25-2 at 1 to Doc. # 25-4 at 2.

## DISCUSSION

**1.      Plaintiff's Request for Extension of Time to Serve under Rule 4(m)**

Plaintiff requests a sixty (60) day extension of time to serve under Fed. R. Civ. P. 4(m), which states:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Courts have broad discretion to extend time for service under Rule 4(m).  Efaw v. Williams, 473 F.3d 1038, 1041(9th Cir. 2003).  The 120-day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 U.S. 654, 661 (1996).  "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired.  Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period." Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003).  Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.  Generally, "good cause" is equated with diligence.  See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

The Court has little difficulty finding good cause for the requested extension.  The exhibits attached from plaintiff's process server (doc. # 24-2 at 1 to doc. # 24-4 at 2; doc. # 25-2 at 1 to doc. # 25-4 at 2) provide a detailed breakdown of the several efforts that have been made to effectuate service in this matter.  Thus, the request for sixty (60) additional days to complete service is granted.

**2.    Plaintiff's Request for Service by Publication**

Plaintiff also requests an order permitting service by publication pursuant to Fed. R. Civ. P. 4(e)(1), which provides that service may be accomplished on an individual, other than a minor, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located and where service is made[.]"[1]  In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law.  It generally requires personal service of the summons and complaint upon individual defendants.  Alternatively, service may be accomplished by leaving the summons and complaint at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion residing therein or by delivering the summons and complaint to an agent authorized to receive service.  NRCP 4(d)(6).  When personal service proves impossible, NRCP 4(e)(1)(i) provides that

---

[1] Plaintiff is attempting to serve the three defendants in their individual capacities.

a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating due diligence in attempting to personally serve the defendant. In evaluating due diligence, courts look to several factors. See Price v. Dunn, 787 P.2d 785, 786-87 (Nev. 1990); Abreu v. Gilmer, 985 P.2d 746, 747 (Nev. 1999); McNair v. Rivera, 874 P.2d 1240, 1241 (Nev. 1994). There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts. Abreu, 985 P.2d at 749 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

The Court has reviewed the record and finds that plaintiff has demonstrated due diligence in her effort to serve defendants. Plaintiff submits affidavits from the process server who attempted to effectuate service in this matter. These affidavits reveal that the process server made service attempts at different locations, different times, different dates, and in consultation with available public records. Plaintiff has been diligent in attempting to serve despite the challenges presented. Consequently, the request to serve by publication is granted.

## CONCLUSION AND ORDER

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enlarge Time for Service (doc. # 25) and Motion to Serve by Publication (doc. # 24) are **granted**.

**IT IS FURTHER ORDERED** that the time for service under Fed. R. Civ. P. 4(m) is extended to February 23, 2017.

//
//
//

**IT IS FURTHER ORDERED** that Plaintiff may effectuate service by publication in accord with NRCP 4(e)(1)(iii).

DATED: October 21, 2014

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**